UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOBBY RAY GRADY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT COURT JUDGE (U.S.) )<br>LOUISE WOOD FLANAGAN, )<br>)<br>Defendant. ) | Civil Action No. 22-2870 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and for the reasons stated below, the complaint is dismissed.

Plaintiff filed a petition for a writ of habeas corpus in this district court. Compl. at 6 (page numbers designated by CM/ECF); *see Grady v. Stein*, No. 1:18-cv-3154 (D.D.C. Dec. 19, 2018). The case was transferred to the United States District Court for the Eastern District of North Carolina, assigned to Judge Flanagan, and dismissed without prejudice. *See Grady v. Stein*, No. 5:19-hc-2127 (E.D.N.C. Aug. 15, 2019). According to plaintiff, defendant "committed acts of perjury to prevent the plaintiff from being granted a remedy of relief by habeas corpus." Compl. at 5. Plaintiff asks this Court "to reprimand Judge Flanagan," and to allow plaintiff "to file another habeas petition and order the court to allow it to proceed to an evidentiary hearing," among other relief. *Id.*

1

It appears that plaintiff expects this Court, essentially, to review or overrule the decision of another federal court with which he disagrees. This Court lacks jurisdiction to do so. "A federal district court lacks jurisdiction to review decisions of other federal courts." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006); *see also Partington v. Houck*, 2014 WL 5131658, at *1 (D.C. Cir. Oct. 3, 2014) ("The district court correctly held that it lacked authority to declare void a decision of this court."); *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev*., 828 F.2d 1385, 1392-93 (9th Cir. 1987) ("To allow a district court to grant injunctive relief against a bankruptcy court or the district court in the underlying bankruptcy case would be to permit, in effect, a 'horizontal appeal' from one district court to another or even a 'reverse review' of a ruling of the court of appeals by a district court. Such collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper.").

An Order is issued separately.


DATE: December 7, 2022                                /s/
                                                     AMY BERMAN JACKSON
                                                     United States District Judge